# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **FERNANDO RIOS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No.  3:24-CV-00446-LS** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **D/B/A WAL-MART STORE #7229,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

When Plaintiff Fernando Rios returned his shopping cart in a Walmart parking lot, he tripped and fell over a raised metal bar that was part of the cart barn. He brings in this removed lawsuit Texas state law claims for negligence, vicarious liability, premises liability, and negligent hiring, supervision, and/or management.[1] The Court grants Walmart's motion for summary judgment.[2]

## I.    LEGAL STANDARD.

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[3] A genuine dispute of material fact exists if the dispute "might affect the outcome of the suit" and "a reasonable jury could return a verdict for the nonmoving party."[4] However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

---

[1] ECF No. 1-1 at 12–24.
[2] ECF No. 9.
[3] *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[5] The Court "may not make credibility determinations or weigh the evidence" when ruling on a summary judgment motion[6] and reviews all facts in the light most favorable to the nonmoving party.[7]

## II.    ANALYSIS.

### A.    *Negligence Claims*

Walmart argues that Plaintiff's negligence claim rests on a nonfeasance theory – that Defendant created a dangerous condition.[8] Thus, Walmart argues, Rios cannot pursue negligence claims and must rely solely on a premises liability claim.[9] Rios does not address this argument in his response.

Negligent activity and premises liability claims "are conceptually distinct" under Texas law.[10] "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."[11] To recover on a negligent activity theory, a plaintiff must "have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."[12]

Rios's state-court petition alleges that Walmart's negligent activities were a failure to maintain and inspect the area and a failure to warn customers about the danger (the raised metal

---

[5] *Id*. at 247-48.
[6] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).
[7] *First Colony Life Ins. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).
[8] ECF No. 9 at 16.
[9] *Id.*
[10] *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014).
[11] *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).
[12] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

bar),[13] but these alleged failures do not constitute "contemporaneous conduct" by Walmart. Rios alleges that he was injured because of a *condition* that Walmart's failures caused, not by Walmart's affirmative and contemporaneous conduct. As a result, Rios's claims based on negligence, including his vicarious liability and negligent hiring, supervision, and management claims,[14] fail as a matter of law.[15] Rios's sole remaining theory is premises liability.

### B.    *Premises Liability Claim*

The elements of a premises liability claim are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.[16]

For the first element, the court should "correctly identify the 'danger' or 'condition' at issue."[17] This "is the condition at the time and place injury occurs, not some antecedent situation that produced the condition."[18] For example, in *Brookshire Grocery Co. v. Taylor*, the dangerous condition was ice on the floor and not the way the soft drink dispenser was set up to drop ice onto the floor on a daily basis.[19] Similarly, in *Albertsons, LLC v. Mohammadi*, where the plaintiff slipped on liquid dripping from a wet plastic bag in a shopping cart,[20] the Texas Supreme Court

---

[13] ECF No. 1-1 at 16–17.

[14] *Id.* at 14, 17–18.

[15] *See Gonzalez v. Walgreen Co.*, 140 F.4th 663, 675 (5th Cir. 2025) (stating that when a plaintiff alleges that a defendant's employees did not maintain the premises, "such allegations constitute his premises-liability claim, not a basis for holding [the defendant] vicariously liable"); *Medina v. Costco Wholesale Corp.*, 722 F. Supp. 3d 634, 638 (N.D. Tex. 2024) ("[C]laims for respondeat superior and negligent hiring, retention, training, and supervision [under Texas law] fail where the plaintiff fails to allege a contemporaneous activity.").

[16] *Keetch*, 845 S.W.2d at 264.

[17] *Albertsons, LLC v. Mohammadi*, 689 S.W.3d 313, 318 (Tex. 2024).

[18] *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006).

[19] *Id.* at 407–09.

[20] 689 S.W.3d at 315–16.

determined that the "wet floor, not the antecedent situation that produced it, is the relevant danger or condition about which the defendant's knowledge is relevant."[21]

Rios argues that Walmart knew the cart corral was not anchored.[22] However, knowledge of an antecedent situation is insufficient; Rios must show Walmart had actual or constructive knowledge of the raised metal bar attached to the cart corral that caused Rios's fall.

"Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident."[23] Rios has no evidence that Walmart actually knew of the raised metal bar. He argues that the fact that the cart corral was not anchored to the ground rendered it "a 'dangerous condition from the inception of its use.'"[24] But the Texas Supreme Court holds that "[e]vidence that an owner or occupier knew of a safer, feasible alternative design, without more, is *not* evidence that the owner knew or should have known that a condition on its premises created an unreasonable risk of harm."[25] Moreover, "the actual knowledge required for liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time."[26] Rios also argues that there was a Walmart cart attendant at the cart corral "slightly more than two minutes before [Plaintiff's] fall."[27] But "without evidence showing how long the [condition] had existed, the proximity of the employees is no evidence of actual knowledge."[28]

---

[21] *Id.* at 318.

[22] ECF No. 11 at 10.

[23] *Mohammadi*, 689 S.W.3d at 317 (quoting *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 397 (Tex. 2016)).

[24] ECF No. 11 at 10 (quoting *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)).

[25] *CMH Homes, Inc.*, 15 S.W.3d at 102 (emphasis added).

[26] *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006).

[27] ECF No. 11 at 11; *see also* ECF No. 11-2 at 9:03–12:34 (video exhibit showing Plaintiff's employee at the cart corral approximately three minutes before Plaintiff).

[28] *Thompson*, 210 S.W.3d at 603.

"Constructive knowledge is a substitute in the law for actual knowledge"[29] and "can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection."[30] "To survive summary judgment . . ., [a plaintiff] must show some evidence that would enable a reasonable jury to find it was more likely than not that the condition existed long enough that [the defendant] should have discovered it."[31] "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented."[32] Yet "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition."[33] Otherwise, premises owners "would face strict liability for any dangerous condition on their premises," an approach the Texas Supreme Court rejects.[34] "[T]he rule in Texas is that temporal evidence, not proximity evidence, is the *sine qua non* of a premises owner's constructive knowledge."[35]

Rios argues that a Walmart employee testified that moving the shopping carts into the corral can move the corral,[36] but this does not establish that Defendant had constructive knowledge of the raised metal bar that actually caused Rios's fall. Similarly, a store's knowledge that drink dispensers can increase the likelihood of ice or liquid on the floor is not constructive knowledge of the ice or liquid that actually causes a customer's fall.[37]

---

[29] *Gonzalez*, 140 F.4th at 672 (quoting *CMH Homes*, 15 S.W.3d at 102).
[30] *Mohammadi*, 689 S.W.3d at 317 (quoting *CMH Homes*, 15 S.W.3d at 102–03).
[31] *Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 518 (5th Cir. 2015).
[32] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).
[33] *Id.*
[34] *Id.*
[35] *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 315 (5th Cir. 2003).
[36] ECF No. 11 at 11; ECF No. 11-6 at 28.
[37] *Reece*, 81 S.W.3d at 817; *Taylor*, 222 S.W.3d at 409.

Evidence that a Walmart employee was at the cart corral only two to three minutes before Plaintiff fell, which is the only temporal evidence Plaintiff offers, is insufficient to establish constructive knowledge. The Fifth Circuit has held that temporal evidence that a condition may have existed for ten minutes "without more, is insufficient to establish constructive knowledge."[38]

Rios offers no evidence about how long the metal bar was raised and no evidence that Walmart knew about it, actually or constructively. Accordingly, his premises liability claim fails.

## III.   CONCLUSION.

Defendant's motion for summary judgment [ECF No. 9] is granted.

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 5, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[38] *Gonzalez*, 140 F.4th at 672–73.